## THE STATE v. NELLIE THOMAS, Appellant.

Division Two, December 29, 1923.

1. **JURISDICTION: Change of Venue: Omission of Order from Transcript: Power of Supreme Court.** Defendant, charged with grand larceny, applied for and was granted a change of venue to the circuit court of another county, but the order for the change was omitted from the transmitted transcript, but it does appear therefrom that she entered into a formal recognizance for her appear-

ance in said court, and said recognizance recites that the circuit court, upon her application, granted a change of venue to such other circuit court; and the record recites that, at the time designated in said recognizance, she did appear in person and by counsel, went to trial and was convicted. The omission of the order from the transcript was not called to the attention of the trial court, but defendant raises the point for the first time on her appeal to this court. *Held*, first, that the jurisdiction of a court to which a case is transferred by change of venue attaches instantly upon the entry of an order for the change by the court in which the action is instituted, and becomes final upon its adjournment for the term without a change in the order, and that jurisdiction cannot be divested by the inadvertence or misprision of the clerk; *second*, the omission at most was only an irregularity, which the trial court was empowered to correct by an entry of an order upon its records requiring the clerk of the court which granted the change of venue to make and certify to it a copy of the order for the change; *third*, the Supreme Court, after defendant's appeal is lodged therein, is authorized by the constitutional provisions giving it supervisory control over subordinate tribunals, to order the clerk of the court which granted the change of venue to correct its record to conform to the facts and to make and certify a copy of the order granting the change, and that having been done and his certificate showing a proper order was made, the question of the trial court's jurisdiction drops out of the case; and, *fourth*, the omission of the order from the transcript should have been raised in the trial court, and an adverse ruling thereon preserved in the bill of exceptions, and that course not having been pursued and the omission being only an irregularity, the error is not entitled to review.

2. **CONSTITUTIONAL LAW: Title of Act: Words Added by Publisher.** By the title to an act is meant that designation prefixed to it by the Legislature which defines the character of the legislation. Explanatory words prefixed to or added immediately after the authorized title, by the Secretary of State or the clerical officers charged with the publication of the laws, form no part of the title, and are not to be considered. The words, "Crimes and Punishments—Offenses against public and private property—Chicken Stealing," inserted by the publisher, in the published laws, immediately preceding the title, did not limit the scope of the act to chicken stealing, where the act itself included the stealing of other domestic fowls, and in no wise affected the sufficiency of the title. [Distinguishing State v. Doerring, 194 Mo. 398.]

3. ———: ———: **General Terms: Construction.** The title of an act is to be liberally construed; if it is a fair index of the body

of the act, and indicates the character of the legislation and its proper classification, it is sufficient, although it may indicate the subject of the act in general terms without entering into details.

4. ——: ——: **One Subject: Stealing Turkeys.** The title to the act was: "An Act to enact a new section by adding a new section after Section 1901 of Article 3 of Chapter 15 of the Revised Statutes of Missouri of 1899, to be known as Section 1901a relating to Crimes and Punishments." Immediately preceding these words, which alone constituted the title at the time of its enactment, the publisher prefixed the words: "Crimes and Punishments—Offenses against public and private property—Chicken Stealing," and immediately after the title added the words: "Section 1. Chicken stealing declared grand larceny." *Held*, that the words added by the publisher constituted no part of the title, and the title contained a general classification of crimes and punishments, and was broad enough to include in the body of the act provisions making the stealing of domestic fowls in the night time a crime and prescribing punishment for such offenses, and it did not violate the requirements of Section 28 of Article 4 of the Constitution that no act shall embrace more than one subject, which shall be clearly expressed in its title.

Appeal from Adair Circuit Court.—*Hon. James A. Cooley*, Judge.

AFFIRMED.

*Charles E. Murrell* and *Fogle & Fogle* for appellant.

(1) The title of the act, under which the defendant is prosecuted, is as follows: "An Act to enact a new section, by adding a new section after Section 1901 of Article 3 of Chapter 15 of the Revised Statutes of Missouri of 1899, to be known as Section 1901a, relating to crimes and punishments. Section 1. Chicken stealing declared grand larceny." And the whole of the foregoing constitutes the title. Art. 4, Sec. 28, Mo. Constitution; In re Cupples Estate, 272 Mo. 465. (2) The purpose of the title is to serve as a clear and comprehensive indicator of the act. State v. Sloan, 255 Mo. 311; Vice v. Kirksville, 280 Mo. 357; State ex rel. v. Hackmann, 292 Mo.

27. (3) There must be but one subject contained in the title, and that subject must be clearly expressed in the title. Art. 4, Sec. 28, Mo. Constitution; State ex rel. School District v. Hackmann, 292 Mo. 27. (4) The title must be the exclusive index to the legislative intent and act. State v. Muller, 45 Mo. 495; State ex rel. v. Co. Court, 51 Mo. 350; Kansas City v. Payne, 161 Mo. 236; State v. District, 237 Mo. 103; State v. Bixman, 162 Mo. 5; Vice v. Kirksville, 280 Mo. 348. (5) The caption of a bill is a part of the title. State v. Doerring, 194 Mo. 398, 411; State v. Murlin, 137 Mo. 297, 305; State ex rel. v. Slover, 134 Mo. 10. (6) The expression of one subject, in the title to a bill, is the exclusion of every other subject which the act may contain. Berry v. Milling Co., 284 Mo. 182; State v. Bixman, 162 Mo. 68; Witzman v. Railroad, 131 Mo. 612; State v. Rawlins, 232 Mo. 558; State v. Crenshaw, 22 Mo. 457; Wharton's P. & P., sec. 237. (7) The title must not only express a subject, but, must express that subject which is dealt with in the body of the act. State v. Railroad, 113 S. W. 916; State ex rel. v. Hackmann, 292 Mo. 27. (8) The act is void as a whole where the title expresses one subject and the act deals with a plurality of subjects. Hardware Co. v. Fisher, 269 Mo. 277; State v. Rawlings, 232 Mo. 544; 36 Cyc. 1034. (9) The statute under discussion is a new section. It is not declared in the title or body of the act, to be amendatory of any other section or act. It must, therefore, have followed the proceedings required for the enactment of independent legislation. State v. McEniry, 269 Mo. 228. (10) The statute is a criminal statute and should be strictly construed, and not extended or enlarged by judicial construction so as to embrace offenses or persons not clearly and plainly within its terms. State v. McMahon, 234 Mo. 614; State v. Koock, 202 Mo. 235; State v. Reed, 125 Mo. 48. (11) Where the title provides for a penalty, but the act does not, then the act is void; and if the act provides for a penalty, but the title does not, the act is void. State v. McEniry, 269 Mo. 228. (12) The constitutional limi-

tation, which provides that no bill shall contain more than one subject, which shall be clearly expressed in its title, is mandatory and mandatory provisions must be fully complied with. Cooley's Const. Lim., p. 82; State v. Tiefel, 42 Mo. 578; State v. Miller, 45 Mo. 498; Williams v. Railroad, 233 Mo. 676; State v. Sloan, 258 Mo. 313; St. Louis v. Wortman, 213 Mo. 139; State v. Hitchcock, 241 Mo. 433; State v. Campbell, 210 Mo. 202; State v. Skillman, 209 Mo. 208; State ex rel. v. Hodgdon, 251 S. W. 131.     (13)     The title to an act may be traced through the Legislature, and such title, if insufficient, may not be validated by a general title used in a subsequent revision of the statutes. State v. Crites, 277 Mo. 194; State v. Rawlings, 232 Mo. 558; State ex rel. v. Wiethaup, 231 Mo. 463; Williams v. Railroad, 233 Mo. 680.     (14)     The reference, in the title of an act, to a previous act gives notice that the new act, to be enacted, will deal with the same subject as of the previous act. Asel v. Jefferson City, 287 Mo. 195; State ex rel. v. Heege, 135 Mo. 118; State ex rel. v. Imel, 242 Mo. 303; State ex rel. v. Co. Court, 128·Mo. 440; Birge v. Railroad, 244 Mo. 1.     (15)     If a section of the statute is to be amended the title of the amendatory bill should give notice of that fact. If a new section is to be enacted, in lieu of one to be repealed, the title should so declare and the two should deal with the same subject, as of the act amended or the act repealed. State v. McEniry, 269 Mo. 228; State v. Helton, 255 Mo. 170.     (16)     The title of an amendatory act is sufficient if it refers to the sections to be amended and if the act deals only with the subject of the sections to be amended; but not otherwise. State ex rel. v. Heege, 135 Mo. 112; State ex rel. v. Imel, 242 Mo. 292; Birge v. Railroad, 244 Mo. 87; Asel v. Jefferson City, 229 S. W. 1046.     (17)     The act under consideration was to follow Sec. 1901, R. S. 1899, and to be Section 1901a. But said Section 1901 relates to larceny, from a dwelling house, of property of less value than thirty dollars. Consequently, the subject of Section 1901 was not the subject of the proposed Section 1901a. R.

S. 1899, sec. 1901. (18) The title of the act under dis-
cussion is: "to enact a new section, by adding a new
section;" not to amend a section or chapter, but to enact
a new law. It is, therefore, void because the subject of
the bill is not clearly expressed in its title. There are
but two ways to make a law in this State, to-wit, by an
independent bill, or by an amendatory bill. Mo. Con-
stitution, art. 4, secs. 25, 34. (19) Sec. 1901, R. S. 1899,
refers to Section 1900 thereof. Said Section 1900 re-
lates to larceny from a dwelling house, of property of
the value of thirty dollars or more, while said Section
1901 relates to larceny, in a dwelling house, of property
of less value than thirty dollars; but said Section 1901a
is to be placed after said Section 1901 and is to be Sec-
tion 1901a, and relates to the larceny of domestic fowls,
which is a new subject, not even suggested in said Sec-
tions 1900 and 1901. It is, therefore, void. (20) Where
the title is specified and restrictive, the act must be like-
wise limited. State ex rel. v. Hackmann, 292 Mo. 27;
State v. Burgdoerfer, 107 Mo. 17; State v. Hurley, 258
Mo. 275; State v. Coffee & Tea Co., 171 Mo. 634; Berry
v. Milling Co., 284 Mo. 182; State v. Fulk, 207 Mo. 26;
State v. Persinger, 76 Mo. 346; State v. McEniry, 269
Mo. 228; Vice v. Kirksville, 280 Mo. 348. (21) Where
a title descends to particulars and specifies a certain
class included within the provisions of the act, to the
exclusion of others, it does not sufficiently indicate the
purport of the law, and is to that extent violative of the
constitutional provision. State v. Sloan, 258 Mo. 313;
State ex rel. v. Hackmann, 292 Mo. 27. (22) The title
to an act may be so restrictive as to confine the body
of the act to such phase of the subject as is indicated
in the title. State v. Bryan, 39 So. 920; State ex rel.
v. Hackmann, 292 Mo. 27. (23) In this case the title
to the act descends into details and points out a par-
ticular class of property the stealing of which is made
grand larceny without respect of value, and therefore
cannot support a law which is levelled against a wholly
different class of property and prohibits the stealing of

other property not mentioned in the title. State v. Rawlings, 232 Mo. 557; State v. Sloan, 258 Mo. 313. (24) The act must relate to chicken stealing and no other part of the title. Rogers v. Tobias, 225 S. W. 804. (25) A bill is held, under provisions in constitutions similar to that in Missouri of 1875, to be void if its subject is, in the words employed in its title to express it, hidden in covert concealment or left to be groped for through doubts and difficulties, through obscurities and uncertainties and with misgivings and perplexities. Weaver v. Lapsley, 43 Ala. 227; Union P. R. Co's. App., 81 Pa. St. 93; Rader v. Twp., 39 N. J. L. 512; People v. O'Brien, 38 N. Y. 195; People v. Hills, 35 N. Y. 449; Durkee v. Jonesville, 26 Wis. 701. (26) The right to change of venue in criminal cases does not exist independently of statute, but is statutory only, and the statute must be strictly followed. 16 C. J. 218, sec. 332; State v. Witherspoon, 231 Mo. 706; State v. Sanders, 106 Mo. 188; State v. Wofford, 119 Mo. 408. (27) It is a certified copy of the proper order of removal, made by the Circuit Court of Schuyler County after granting the change of venue from the Schuyler County Circuit Court to Adair County Circuit Court, with the full transcript filed with the Clerk of the Adair Circuit Court before a juror is sworn in the cause, that gives that court complete jurisdiction. Sec. 3984, R. S. 1919; Gilstrap v. Felts, 50 Mo. 431; State v. Patterson, 73 Mo. 699; State v. Buck, 108 Mo. 622; State v. Dusenberry, 112 Mo. 258; State v. Buck, 120 Mo. 479; State ex rel. v. Lay, 128 Mo. 616; Linch v. Rand, 208 Mo. 1; State v. Decker, 217 Mo. 315; State v. Warner, 66 Mo. App. 149. (28) There is no order granting defendant (applicant) a change of venue to Adair County, in this transcript of the Clerk of the Circuit Court of Schuyler County, nor any order of removal. Sec. 3969, R. S. 1919. (29) There is no certificate of the Clerk of the Schuyler County Circuit Court, attached to a full transcript of his record in the case, but he certifies that the foregoing instrument, to-wit,

the recognizance, is a full, true and complete transcript of the record. No order of a change of venue or order of removal. This is not sufficient. Sec. 3983, R. S. 1919. (30) The appearance of all parties at the trial of this cause, and the trial thereof without objection, did not give the Adair County Circuit Court jurisdiction of the cause. Consent of parties cannot confer jurisdiction of the cause. Collier v. Wilson, 56 Mo. App. 420; Bray v. Marshall, 66 Mo. 122; State ex rel. v. Trimble, 247 S. W. 193; Fields v. Maloney, 78 Mo. 176. (31) The question of jurisdiction of a cause may be raised at any stage of the proceeding, even after judgment and for the first time in the Supreme Court. State ex rel. v. Trimble, 247 S. W. 193; Henderson v. Henderson, 55 Mo. 534; Graves v. McHugh, 58 Mo. 499; Baker v. Railway, 36 Mo. 543; Davis v. Railway, 126 Mo. 69. (32) Where the proceedings in the court granting the change of venue are so irregular as to be wholly void, the court to which the cause is taken acquires no jurisdiction, and the question may be raised any time, even in the court to which it may be appealed. 16 C. J. 221, sec. 339; 17 C. J. 53; State v. Potter, 16 Kan. 80. (33) The Adair Circuit Court had no jurisdiction to try this cause, and the whole proceedings therein are void, because there is no order, made by the Schuyler County Circuit Court, of removal from Schuyler County to Adair County in the record and transcript as sent to Adair County by the clerk of Schuyler County. Secs. 3969, 3972, 3973, 3974, 3980 and 3981, R. S. 1919; State v. Buck, 120 Mo. 479. (34) There is no order of removal in the transcript stating by whom the application for a change of venue was made, or that the facts were in the knowledge of the court, and the cause of removal; nor was such order filed by the Clerk of the Adair Circuit Court before the jury was sworn in the cause. Secs. 3974, 3984, R. S. 1919.

*Jesse W. Barrett,* Attorney-General, and *George W. Crowder,* Assistant Attorney-General, for respondent.

(1) The Act of 1903 (Sec. 3314, R. S. 1919) was within the scope of its title, and was not violative of Section 28, Article 4, of the Constitution, limiting a bill to one subject, which shall be clearly expressed in its title. State v. Smith, 233 Mo. 242, 255; Asel v. Jefferson City, 287 Mo. 195, 203; St. Louis v. Weitzel, 130 Mo. 616; State ex rel. v. Imel, 242 Mo. 293; Barnes v. Pikey, 269 Mo. 398, 407; Ferguson v. Gentry, 206 Mo. 189; State ex rel. v. Gorden, 233 Mo. 1, 14; State ex rel. v. Revelle, 257 Mo. 538. (a) It is only where the title descends into detail that it is required to point out the specific purport of the law. State v. Sloan, 258 Mo. 305; State v. Rawlings, 232 Mo. 557; State v. Great Western Coffee & Tea Co., 171 Mo. 634; St. Louis v. Wortman, 213 Mo. 131. (b) The title to the Act of 1903 was in words and figures as follows: "An Act to enact a new section, by adding a new section after Section 1901 of Article 3 of Chapter 15 of the Revised Statutes of Missouri of 1899, to be known as Section 1901a, relating to crimes and punishments." See Original Rolls, p. 335, of the 42nd General Assembly (Senate Bill 195); Laws 1903, p. 161. (c) The title of Article 3, Chapter 15, R. S. 1919, appears in the following words: "Offenses against public and private property." Art. 3, Chap. 15, R. S. 1899. (d) The caption or section heading or index to the act of 1903 was as follows: "Chicken stealing declared grand larceny." Laws 1903, p. 161. (e) In the Revised Statutes of 1909 and of 1919 the act is carried under the caption or section heading of: "Stealing domestic fowls." Sec. 4537, R. S. 1909; Sec. 3314, R. S. 1919. (2) The caption of the Act of 1903, now under consideration, was not put on by the lawmaking body and forms no part of the title. It was added as a mere index or headnote after the bill was passed and signed. Original Rolls, p. 335, 42nd General Assembly 1903. (3) The caption of an act is not to be confused with its title, and the validity of a statute is not to be determined by its caption. Fer-

guson v. Gentry, 206 Mo. 195; Black on Interpretation of Laws, p. 181; State v. Smith, 233 Mo. 255. (4) The subject of the Act of 1903 was "offenses against public and private property," and the act itself was not incongruous to the general subject. The title did not undertake to descend into detail. Art. 3, Chap. 15, R. S. 1899; Laws 1903, p. 161; State v. Smith, 233 Mo. 255; Asel v. Jefferson City, 287 Mo. 203; Barnes v. Pikey, 269 Mo. 398; State ex rel. v. Gorden, 233 Mo. 14. (5) The Circuit Court of Adair County obtained jurisdiction of the cause when the order granting the change of venue was made, even though it might not have become possessed of the case for the purposes of proceeding with the trial until the full transcript including the order granting the change of venue was received and filed. State v. Daniels, 66 Mo. 192, 207; State ex rel. v. Lay, 128 Mo. 616; State v. Hopper, 71 Mo. 425, 427; Laporte v. State, 6 Mo. 208; State v. Rodman, 173 Mo. 681, 690. (a) But where the court is possessed of jurisdiction of the cause or subject-matter, and the defendant appears generally, and, without objection, goes to trial, he thereby waives the question of jurisdiction over his person, and the court is possessed of the full right to proceed with the trial. 15 C. J. 807, par. 104; 40 Cyc. 181; 7 R. C. L. 1044, par. 77; Harkness v. Hyde, 98 U. S. 476; Tappock v. Briant, 63 Mo. 580, 584; Haxton v. Kansas City, 190 Mo. 53, 70; Ivy v. Yancy, 129 Mo. 501, 506; State ex rel. v. Rombauer, 140 Mo. 121; Levin v. Railway Co., 140 Mo. 624, 630; Smith v. Monks, 55 Mo. 106, 108; Henderson v. Henderson, 55 Mo. 534. (b) The rule as to waiver is the same in criminal cases as it is in civil actions. State v. Linn, 169 Mo. 664. (c) The making of the order granting the change of venue will be presumed from what is set forth in the transcript, in the bond, and in the bill of exceptions, and appellant having remained silent in the trial court will not now be heard to repudiate that court's jurisdiction. State ex rel. v. McKee, 150 Mo. 234; Collier v. Lead Co., 208 Mo. 246; State v. Crane, 202 Mo. 54.

WALKER, J.—Appellant was charged by information in the Circuit Court of Schuyler County with grand larceny.   On her application a change of venue was granted to Adair County, where upon trial before a jury she was convicted and her punishment assessed at two years' imprisonment in the penitentiary.   From this judgment she appeals.

The specific charge was the stealing in the nighttime of a turkey from the premises and which was the property of one Oliver.

The sufficiency of the evidence is not questioned. While largely circumstantial it presented a chain of facts of ample probative force to sustain the conviction.   It is not necessary therefore to make a detailed statement of same.

I.   The jurisdiction of the Circuit Court of Adair County is challenged.   This contention is based on the omission by the Circuit Clerk of Schuyler County from the transcript transmitted by him to the Circuit Court of Adair County, of the order for the change of venue.

That the order was made appears from other Change of record entries incorporated in the transcript.
Venue.
Among other things it appears, as required by the statute (Sec. 3928, R. S. 1919), that she entered into a formal recognizance in the Circuit Court of Schuyler County for her appearance in the Circuit Court of Adair County to answer the charge preferred against her. In this recognizance it is stated ''that the Circuit Court of Schuyler County at its October term, 1921, did, on the application of the said Nellie Thomas, grant a change of venue of said cause to the Circuit Court of Adair County.''   Upon the convening of that court at its January term, 1922, the appellant, in compliance with her recognizance, appeared in person and by counsel, went to trial and was convicted as stated.

The jurisdiction of a court to which a case is transferred by change of venue attaches *eo instanti* upon the making and entry of record of the order for the change by the court where the suit was instituted; and it may

be added that the court's action becomes final upon its adjournment for the term without a change in the order, as was the case at bar. [State v. Decker, 217 Mo. l. c. 315; State v. Lay, 128 Mo. l. c. 616 and cases; State v. Dusenberry, 112 Mo. l. c. 288; State v. Buck, 120 Mo. 479, 108 Mo. l. c. 629; State v. Webb, 74 Mo. 333; Ammons v. State, 9 Fla. 530.] Jurisdiction having been conferred by the order it could not be divested simply by the inadvertence or misprision of the clerk. [State v. Compton, 77 Wis. 460; Harrall v. State, 26 Ala. 52.] Viewed in its most serious phase the omission constituted but an irregularity which the trial court was empowered to correct upon the entry of an order requiring the making and certification to it by the Circuit Court of Schuyler County of a copy of the order for the change. This power is inherent in courts of general jurisdiction and its exercise is justified that they may have before them the correct and complete record of the case transferred. However, the omission was ignored in the trial court, the appellant contenting herself by calling attention thereto for the first time upon the appeal to this court. Being, as we have stated, an irregularity and the fact that the order was really made having been fully attested, we are authorized under the supervisory power given to this court over subordinate tribunals by the State Constitution (Sec. 3, Art. 6), and by precedent (State v. Howell, 117 Mo. 307), to order that the Clerk of the Circuit Court of Schuyler County correct the record to conform to the facts and to make and certify to this court a copy of said order of the change of venue. This having been done and the order being before us, authorizes a disposal of this contention adversely to the appellant. It is not irrelevant to say that this exercise of supervisory power, while fully warranted by the Constitution, is also recognized by the Common Law. [Tidd's Pr. (4 Am. Ed.) 479; 24 Am. & Eng. Ency. Law, 1016; State ex rel. Bank v. Johnson, 103 Wis. 591, 51 L. R. A. 33; State ex rel. Monett Mill Co. v. Neville, 57 S. W. (Mo.) 1012.]

A more summary disposition of this contention might with propriety have been made: the error complained of,

as we have held, was but an irregularity; as such to entitle it to consideration here it should have been called to the attention of the trial court and upon an adverse ruling thereon preserved in the bill of exceptions. This course not having been pursued the error is not entitled to review. [State v. Nave, 185 Mo. l. c. 135 and cases; Stearns v. Railroad, 94 Mo. l. c. 321; State v. Dodson, 72 Mo. 283; State v. Knight, 61 Mo. l. c. 374; State v. Dudley, 56 Mo. App. 451.]

II. It is further contended that the act upon which this prosecution is based is void in that the subject of same is not clearly expressed in the title and that the act is broader than the title. This contention in so

**Title to Act.** far as the latter part of the same is concerned is on its face clearly unfounded. From the argument made by appellant in support of the same it is evident that it is due to a misconception of what constitutes the title to an act within the meaning of the State Constitution. By the title is meant that designation prefixed to an act by the Legislature which defines the character of the legislation. The act in question was adopted during the session of the 43rd General Assembly as Senate Bill No. 195 (Original Rolls, p. 335), and the legislative title prefixed thereto was as follows: "An act to enact a new section by adding a new section after Section 1901 of Article 3 of Chapter 15 of the Revised Statutes of Missouri of 1899, to be known as Section 1901a relating to Crimes and Punishments." In addition to the foregoing there is prefixed to the act as it appears in the Laws of 1903 (p. 161) preceding the authorized title, the following: "Crimes and punishments—Offenses against public and private property—Chicken stealing;" and immediately following the authorized title are the words: "Section I. Chicken stealing declared larceny." These captions or attempted additional indicia of the character of the act form no part of same, if for no other reason than that they have not received legislative sanction. They therefore constitute no part of the title within the meaning of the Constitution (Sec. 28, Art. 4) and are not

to be considered in determining the validity of the act. Their evident purpose was to more definitely define the nature of the act and they are inserted under the direction of the Secretary of State in compiling the Session Acts and constitute nothing more than an expression of the opinion of clerical officers charged with that duty as to the nature of the acts. In this instance, as is not infrequently the case, the effort was ineffectual in that the compiler attempted to limit the scope of the act to but one class of domestic fowls, viz., chickens, when by its terms all such fowls were included. So far, therefore, as this phase of the contention is concerned it must be ruled against the appellant.

It is contended in addition, however, that this act is violative of Section 28 of Article 4 of the Constitution in that it contains more than one subject which is not clearly expressed in its title. In the discussion of this contention the salutary and well-established rules of construction concerning the sufficiency of titles under the Constitution should be kept in view and under all reasonable circumstances the validity of legislative action upheld if it is possible to do so without doing violence to the language employed and the meaning evidently thereby intended to be conveyed. While it has been frequently held that the constitutional section, under review, is mandatory, it is likewise held that a title should be liberally construed in support of the power sought to be exercised by the Legislature. If therefore the title to an act is a fair index of same in that it indicates the character of the act or its proper classification, matters not specified therein will not render it invalid (Ex parte Hutchens, 246 S. W. (Mo.) l. c. 189 and cases) ; or as stated in an earlier case (State v. Whitaker, 160 Mo. 59) it is only necessary that the title indicate the subject of the act in a general way without entering into details. The specific character of the act in question was to declare the stealing of domestic fowls to be grand larceny. A more general classification of the act was that it was an offense against private property and a still more general definition and that which

was embodied in the title was to declare the offense named to be a crime, to prescribe the punishment therefor and to classify it as relating to Crimes and Punishments. Where, as here, the act has reference to only one subject, is definite in its terms and as such not calculated to mislead or difficult to interpret, we have held that however general the title may be it will not render the act invalid. Illustrative of this conclusion we have ruled in a recent well considered case (Ex parte Karnstrom, 249 S. W. (Mo.) 595) in which the opinion was written by the presiding judge of this division, Hon. DAVID E. BLAIR, that where an act concerning vagrants was incorporated for the first time by a legislative revising committee in 1879 in the general criminal code introduced and adopted at that session of the Legislature, the title to which was: "An act to revise and amend the code of Crimes and Criminal Procedure, declaring and defining public offenses, prescribing punishments therefor and proceedings thereon, Approved May 19, 1879," was not, on account of its generality, violative of the Constitution and hence the act concerning vagrants was not invalid by reason of its incorporation therein without a more specific title. That case reviews with discrimination earlier rulings to a like effect from State v. Brassfield, 81 Mo. 151, to recent cases, and their citation here becomes therefor unnecessary. Satisfied as we are with the soundness of the conclusion reached in the Karnstrom Case in its compliance with the constitutional requirement, we hold that the appellant's objection to the title to the act under consideration is without substantial merit.

It is not improper to add in conclusion that misapprehension seems to exist concerning the ruling in State v. Doerring, 194 Mo. 398, as to what constitutes the title to a legislative act. That case does not hold that the caption or designation of the nature of an act constitutes a part of the title unless it was prefixed thereto upon its introduction or during its passage and became thereby a part of the legislative enactment. To hold otherwise

would be to assume that legislative power existed in clerical officers or a board simply empowered to compile and arrange the statutes.

There is no error in this record and the judgment of the trial court is affirmed. All concur.