WILLIAM M. WILLHITE, Guardian and Curator of the person and estate of MATTIE M. RATHBURN, a person of unsound mind, v. ROY RATHBURN, JESSIE RATHBURN MOORE, GEORGE B. MOORE, her husband, OTIE RATHBURN MOORE, C. E. MOORE, her husband, LUCILLE RATHBURN KNUDSON, R. N. KNUDSON, her husband, and GLADYS RATHBURN, Appellants.—61 S. W. (2d) 708.

Division One, June 12, 1933.

*H. P. Ziegler* and *G. C. Dalton* for appellants.

*Homer M. Poage* and *A. N. Gossett* for respondent.

FERGUSON, C.—Mattie M. Rathburn a person of unsound mind is the owner of a life estate in 240 acres of land in Vernon County. This suit in equity seeking a decree of the circuit court of that county for a sale of the land was brought by her guardian and curator under what is now Sections 1546 and 1547, Revised Statutes 1929. The decree ordered the land sold in the manner provided by said sections and from the decree and judgment of the trial court the defendants have appealed.

By warranty deed, regular in form, dated May 18, 1904, Jeremiah Willhite and Matilda H. Willhite, husband and wife, parents of Mattie M. Rathburn, conveyed the 240 acres of land to the said "*Mattie M. Rathburn and her bodily heirs.*" The conveyance "would have created an estate tail at common law, which by our

statute, Section 3108, Revised Statutes 1929, was converted into a life estate in the first taker," Mattie M. Rathburn, "with a remainder in fee over to those who should prove to be the heirs of her body at her death." [Williams v. Reid (Mo. Sup.), 37 S. W. (2d) 537.] In 1923 Mattie M. Rathburn was adjudged to be of unsound mind and a guardian and curator was appointed who brings this suit.

In 1925 the General Assembly amended what was then Article 11 of Chapter 13, of the Revised Statutes of 1919, relating to partition of lands, by adding two sections thereto (Laws 1925, p. 138) numbered Sections 1995-a and 1995-b (now Secs. 1546 and 1547, R. S. 1929), as follows:

"Sec. 1995-a. Whenever under or through any deed, conveyance or will, heretofore or hereafter made, an estate for life, or a conditional or contingent or other estate of uncertain vesting or duration is created, or provided for in lands with remainder over or reversion, whether absolute, contingent or conditional, or an estate in lands is created, or provided for, to commence or to vest in the future, either absolute, contingent or conditional, any person or persons holding the estate or an interest in the estate, carrying the right of immediate use and enjoyment of such lands, may sue in equity for sale of such lands or any of the same upon the ground that the life or other estate of immediate enjoyment is burdensome and unprofitable for that the cost of paying the taxes and assessments thereon and holding, maintaining, caring for and preserving the lands from waste, or injury, and deterioration, exceeds the reasonable value of the rents and profits thereof, and that a greater income can probably be had from proceeds of a sale thereof invested in bonds of the United States or of Missouri or some municipality or school district thereof or first lien mortgage loans upon lands situate in this state; and if upon trial of such case the court finds the allegations of the petition in such suit to be true it shall order, adjudge and decree that sale of such lands in partition shall be made in the same manner as other sales of lands not susceptible of division in kind, are or may be by law provided to be made: And, the sale proceeds, after paying the costs and expenses of the suit and sale therefrom and the commuted value of any estate as may be commutable and so requested to be by the owner or owners thereof, as in other suits in partition, the court shall administer and cause to be invested in securities of the kind and character aforesaid as a trust fund for the parties in interest and persons who may become such and the income to accumulate or be distributed according to the respective estates of the parties interested or who may become interested therein.

"Sec. 1995-b. All persons in being who are vested, and all persons in being who might or would have become vested, with an estate in said lands in case the event, condition, contingency or lapse of time

upon which the same may be limited to vest in such person had happened or occurred at or immediately prior to the commencement of such suit, shall be made parties plaintiff or defendant therein; and, no such person not party thereof shall be bound thereby; but the rule of representation of persons not in being by the person or persons of the same class in estate or related in estate in respect to the lands shall apply and all persons not in being shall be bound in such cases by such rule and as to and against all such persons both those in being and those not in being such sale shall carry full title to said lands. 'In any case herein provided to be brought if the petition shall allege or it shall appear to the court at any time pending the suit that an interest or estate in the land constituting the subject matter of the suit might vest in a person or persons not in being and who may not be so representable by persons in being of the same class or related in estate, then the court shall appoint some disinterested attorney, member of its bar, to represent and protect as a friend of the court the interests of such possible persons, and all such shall be bound by the result of the suit.' ''

The petition or bill herein alleges, the existence of the conditions specified in the first section, supra; the relationship and interests of the parties and states; that the ''life estate of immediate enjoyment of said real estate in the said Mattie M. Rathburn is burdensome and unprofitable for that the costs of paying the costs and assessments thereon and holding, maintaining, caring for and preserving the said real estate from waste or injury or deterioration exceeds the reasonable value of the rents and profits thereof, and that a greater income can be had from the proceeds of the sale thereof invested in bonds of the United States or of the State of Missouri or some municipality thereof or division of the same or first mortgage loans upon land situated in this State.

''And plaintiff further states that it would be for the best interests of the said Mattie M. Rathburn and said defendants that said real estate be sold and that the value of the life estate of said Mattie M. Rathburn be commuted and paid in cash from the net proceeds of such sale and that the remainder of said net proceeds thereof be administered and invested by the orders of this court as a trust fund to be distributed at her death according to the respective estates of the parties interested or who may become interested therein, and plaintiff requests that the cash value of the life estate of the said Mattie M. Rathburn be determined and commuted and paid to plaintiff as her guardian and curator out of the proceeds of any sale of said real estate ordered and had herein.'' The bill concludes with a prayer that the land ''be ordered sold and after paying the costs and expenses of this suit and said sale'' out of the proceeds of the sale ''the value of the life estate of the said Mattie M. Rathburn be com-

muted and paid therefrom and the remainder thereof be administered and invested by the orders" of the court "as a trust fund for the parties in interest and persons who may become such," etc. The defendants are all of the children of Mattie M. Rathburn and the respective spouses of those married. The bill naming the children of Mattie M. Rathburn then alleges that those named "are all of her children" and that said defendants, named as children of the said Mattie M. Rathburn, "are the ostensible heirs of her body, and together with persons not in being who may become heirs of her body and who are represented by said last named defendants, are the owners of a fee simple remainder in said real estate to take effect at her death." The answer contains a general denial; specifically denies, that "the land . . . is burdensome or unprofitable if managed properly;" admits, "that plaintiff owns the life estate described in plaintiff's petition and that the defendants own the remainder in fee" and says, "that the land sought to be partitioned is not subject to partition for the reason the plaintiff is the owner of only a life estate . . . and the defendants are the owners of the remainder in fee . . . and the estates of the plaintiff and defendants are not co-terminous." The answer further avers that the Act of 1925, supra, "is unconstitutional for the reason same is in conflict with article 4, section 28 of the Constitution of Missouri, which provides that no bill shall contain more than one subject which shall be duly expressed in its title" and that such act is invalid and in violation of constitutional provisions in so far as it affects an estate created prior to its enactment. The court appointed "a disinterested attorney at law . . . to represent and protect as a friend of the court the interests of any and all persons not in being who may not be represented by persons in being of the same class or related in estate and in whom some title or interest in the lands . . . might vest." Such attorney filed a report, in writing, to the court to the effect that "such persons will not in his opinion and belief be prejudiced by the granting of the relief prayed for by plaintiff herein." The cause being heard by the chancellor a decree and judgment was entered whereby the court found that the life estate is burdensome and unprofitable; that the costs and assessments for "holding, maintaining, caring for and preserving said real estate from waste or injury, or deterioration, exceeds the reasonable value of the rents or profits thereof and that a greater income can be had from the proceeds of the sale thereof invested" in the manner provided by Section 1546, Revised Statutes 1929, set out supra, and "that it would be for the best interests of the parties hereto that the real estate be sold and the value of the life estate of said Mattie M. Rathburn be commuted and paid in cash from the net proceeds thereof and the remainder administered and invested by the orders of this court

as a trust fund to be distributed at her death according to the respective estates of the parties interested or who may become interested therein and that any parties not yet in being in whom title to said real estate might vest would not be prejudiced thereby." Whereupon the court decreed that the land "be sold . . . as real estate is sold in other cases of sale of lands for partition . . . and after paying the costs and expenses of this suit and said sale therefrom the value of the life estate of said Mattie M. Rathburn be commuted and paid therefrom to the plaintiff as guardian and curator of her estate and that the remainder thereof be administered and invested by the orders of this court as a trust fund for the parties in interest and persons who may become such."

The defendants, as appellants, urge here the invalidity of the Act of 1925, supra, under the provisions of which this suit is brought, on two grounds; (1) that the title of the act contravenes Section 28, Article 4, of our Constitution, that "no bill . . . shall contain more than one subject, which shall be clearly expressed in its title," and that (2) in the application of the act to the facts of this case such act operates retrospectively and thereby violates Section 15, Article 2 of our Constitution, providing that no "law impairing the obligation of contracts, or retrospective in its operation . . . can be passed by the General Assembly." It is further contended by appellants (3) that under the facts the land was not subject to partition "as the suit was brought by a life tenant against the owners of the remainder in fee" and (4) that if the validity of the 1925 act as applied to the facts shown to exist in this case be sustained nevertheless the evidence is insufficient to support the finding of the court, that "the life estate is burdensome and unprofitable," that the rents and profits from the land are insufficient to hold, maintain, care for and preserve said real estate from waste, injury and deterioration and "that a greater income can be had from the proceeds thereof invested," under the orders and supervision of the court, in the manner directed by Section 1546, Revised Statutes 1929.

■ As to the first proposition, the sufficiency of the legislative title of the 1925 act. The title is: "An Act to amend Article 11 of Chapter 13 of the Revised Statutes of Missouri relating to partition of lands by enacting and adding two new sections thereto, to be known as sections 1995-a and 1995-b." As printed in the Acts of 1925, page 138, a prefix appears in addition to the legislative title above set out. This prefix, caption or indicia of the character of the act, made by those in the office of the Secretary of State in charge of the compilation and publication of the session acts, is as follows: "Section 1995-a. Equity suit—who may bring. Section 1995-b. Parties to suit." Appellant refers to this prefix and cites same in support of his contention. Such captions however constitute no part

of the legislative title within the meaning of the constitutional requirement invoked and are not to be considered in determining the validity of the title of the act. What is said in this connection in State v. Thomas, 301 Mo. 603, 256 S. W. 1028, is apropos. ■ We think the title is otherwise sufficient. It indicates and designates the act as an amendment to the statutory law relating to partition. The context is such as appears to be germane to that subject and the proceeding therein provided for so·closely follows, by reference to·and incorporation of, the statutory procedure in partition suits, prescribed in said Article 11, Chapter 13, Revised Statutes 1919, as to be akin to and have a legitimate connection therewith·and the subject matter of·the act cannot be said to be incongruous with the·provisions of said article.·The title of an act "should·be liberally·construed in support of the power sought to be exercised by the Legislature. If therefore the title to an·act is a fair index of same, in that it indicates the character of the act or its proper classification" (State v. Thomas, supra) and it appears that neither the public nor the Legislature would likely have·been misled thereby as to the general contents or subject matter it will·be deemed a sufficient compliance with the constitutional mandate. [Star Square Auto Supply Co. v. Gerk, 325 Mo. 968, 30 S. W. (2d) 447.]

■ Deferring consideration of appellant's second contention, noted supra, we give attention to the third proposition urged·by appellant, that this suit is in effect one for partition and that "such suit does not lie by a life tenant against remaindermen in fee." Appellant cites Gray v. Clements, 286 Mo. 100, 227 S. W. 111; Carson v.·Hecke, 282 Mo. 580, 222 S. W. 850, and White·v.·Summerville, 283 Mo. 268, 223 S. W. 101. These cases merely announce and apply the rule, established by our decisions, that the only estates authorized to·be partitioned by our statute providing for the partition of lands "held·in joint tenancy, tenancy in common or co-parcenary" (Sec. 1545, R. S. 1929)·are estates "which are coterminous and not successive;" that "cotenants of a life estate may have partition of their life estate which would not affect the remainder, or, remaindermen, tenants in common, may have a partition of the remainder subject·to the life estate.·But there is no authority for a partition between·the life tenant and a remainderman. [Stockwell v. Stockwell, 262 Mo. 671, l. c. 679.]" [Gray v. Clements, supra.] This suit however is not brought on the authority of·Section 1545, but under the 1925 act set out supra. That act provides that when the conditions therein stated exist "the person . . . holding the estate or an interest in the estate, carrying the right of immediate·use and enjoyment of·such lands, may sue in equity" to have the fee in such lands sold and if the court finds the conditions therein specified to exist the lands may be ordered·sold "in the·same manner as other sales·of lands not·sus-

ceptible of division in kind, are or may be by law provided to be made" and the proceeds therefrom apportioned, administered and reinvested as directed and authorized.

The appellant does not deny or challenge the right and power of the Legislature to enact such statutes for the purpose of conserving estates and enabling the person or persons primarily responsible for the maintenance and care thereof to preserve same and protect the rights and interests of all parties concerned against depreciation and loss nor does appellant challenge the validity of the plan of representation prescribed and applied by Section 1995-b, page 139, Acts 1925, Section 1547, Revised Statutes 1929. Appellant's complaint, which we have numbered 2, supra, is that to the extent such statutes operate retrospectively and are applied to estates created prior to their enactment they are invalid. The first section of the act (Sec. 1995-a, 139, Acts 1925, Sec. 1546, R. S. 1929) declares the intention that the provisions of the act shall apply to any estate, of the kind enumerated, "heretofore or hereafter" created. ■ The constitutional inhibition against laws retrospective in operation (Sec. 15, Art. 2, Constitution of Missouri) does not mean that no statute relating to past transactions can be constitutionally passed but rather that none can be allowed to operate retrospectively so as to affect such past transactions to the substantial prejudice of parties interested. A law must not give to something already done a different effect from that which it had when it transpired. [Squaw Creek Drainage District v. Turney, 235 Mo. 80, 138 S. W. 12.] We do not think the act violates the constitutional provision in so far as the terms thereof operating upon an estate created prior to its enactment authorize a sale of the land. When the conditions mentioned exist and make such sale necessary, and it is found by the court to be expedient, for the preservation of the estate and the protection of the parties having interests therein with the proceeds reinvested, under the supervision of the court, for the same uses, merely a beneficial change in the form of the property is thereby wrought without injury appearing to the interest of any person having or who may subsequently have an interest therein and without any such person being either deprived of such interest or that interest substantially prejudiced, reduced or lessened. Such sale simply turns the property into another and more fruitful form. [Springs v. Scott, 132 N. C. 548, 44 S. E. 116; Geary v. Butts, 84 W. Va. 348, 99 S. E. 492; Linsley v. Hubbard, 44 Conn. 109; Sohier v. Mass. General Hospital (Mass.), 3 Cush. 483; Dawson v. Wood, 177 N. C. 158, 98 S. E. 459.] It is to be assumed that the courts will be diligent in ascertaining the facts and necessities of each case and, when a sale is made, in the supervision of the investment and protection of the proceeds. It will be borne in mind that no question is made and we are not discussing the validity of the act

as it may operate upon estates, of the character therein mentioned, created after its enactment. ■ We are considering only the retrospective effect of the act and in that connection we are constrained to hold that under the facts of this case that part of the order and decree of the chancellor commuting the value of the life estate and directing that same be paid to plaintiff out of the proceeds of the sale cannot be sustained. The authority for such order is found in these provisions of the act: "And, the sale proceeds, after paying the costs and expenses of the suit and sale therefrom and the commuted value of any estate as may be commutable and so requested to be by the owner or owners thereof, as in other suits in partition, the court shall administer and cause to be invested in securities of the kind and character aforesaid as a trust fund for the parties in interest and persons who may become such and the income to accumulate or be distributed according to the respective estates of the parties interested or who may become interested therein." The estate here involved was created by the warranty deed of May 18, 1904. The statute under which this suit was filed was enacted in 1925 and the mortality tables and life estate statute (Sec. 3132, R. S. 1929) was enacted in 1905, Session Acts 1905, page 139. Under the law existing at the time the life estate was created the life tenant was exclusively entitled to the emblements, rents and everything in the nature of income or profits accruing during the continuance of the life estate. There then existed no statute or procedure whereby the life tenant could under any conditions or circumstances, whatever the necessities of the situation, enforce and share in a partition or division of the *corpus* or enforce a sale of the fee in the land and have a part of the proceeds or *corpus* of the estate set apart to her as her separate and absolute property. The application of the foregoing provisions of this 1925 statute to the estate involved makes the statute, to that extent, operate retrospectively to the substantial prejudice and injury of those in interest as remaindermen. The interest of the life tenant is enhanced and enlarged with consequent depreciation and impairment of the remainder and prejudice to the interest of remaindermen. The life tenant here should not be allowed more or less than she was in the first instance given, that is, the usufruct of the estate during her lifetime. In this case the proceeds of the sale should be held subject to the same conditions as attached to the property sold; the funds received from the sale substituted for the land sold and administered as nearly as possible as the land would have been handled had there been no conversion. This would mean that during her life, plaintiff, as life tenant, would be entitled to the net interest or income, above the expenses of administration, accruing from the

proceeds of the sale as invested in the manner directed by the statute and under the orders and supervision of the court.

█ Coming to the final complaint that the evidence is insufficient to warrant and sustain the order of sale made by the court we find the evidence offered by plaintiff, respondent, in support of her petition is not controverted. Apparently the evidence is not set out in full by the abstract filed but enough appears to show that the income from the land for two years or more next preceding the filing of the suit was wholly inadequate to pay taxes and provide for the ordinary repairs necessary to preserve the property against waste, injury and deterioration and that the life estate was unprofitable and burdensome. Appellant argues, by general assertion only, to the effect, that by proper management the land could be made to return a sufficient income to meet all such charges and return a profit to the life tenant. However we discover no evidence tending to show mismanagement or that some method of handling the property other than that followed would likely result in obtaining a sufficient return therefrom to pay the taxes and provide for upkeep. We think there is substantial and uncontroverted evidence to make out a case under the statute and sustain the finding of the chancellor thereon.

It is therefore ordered that the judgment be affirmed except as to the part noted as being erroneous and in order that the trial court may modify and correct its judgment and decree to conform to the views herein expressed, and for that purpose only, the judgment is reversed and the cause remanded to the trial court with directions to that court to amend and correct its decree and judgment accordingly. *Sturgis* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.