William E. FISHER et al., Appellants,

v.

REORGANIZED SCHOOL DISTRICT NO. R–V OF GRUNDY COUNTY, Missouri, et al., Respondents.

No. 60212.

Supreme Court of Missouri, En Banc.

June 15, 1978.

Rehearing Denied July 24, 1978.

L. E. Atherton, Milan, for appellants.

R. Max Humphreys, Trenton, for respondents.

MORGAN, Chief Justice.

More than one hundred electors and taxpayers of Reorganized School District No. R–V of Grundy County, Missouri, initiated this action against the district and the officers thereof; wherein, they sought a declaratory judgment that an "election" held on February 8, 1977, was invalid and that the tax levy approved thereat was void. Alleged irregularities in the conduct of the election were abandoned by plaintiffs and the sole question presented was whether or not the levy, as approved by the voters, was in excess of constitutional limitations. The trial court determined that it was not and we agree.

At the center of the controversy is § 11(c) of Article X of the Missouri Constitution. In May 1970, that section provided, in part, that:

> . . . in school districts the rate of taxation as herein limited may be increased for school purposes so that the total levy shall not exceed three times the limit herein specified and not to exceed one year . . .

Pursuant thereto, the district at the school election of 1970 submitted to the voters an increase to a total rate of $3.75. The notice thereof read as follows: "To authorize a tax levy of 250 cents on the one hundred dollar valuation for a period of one year" in addition to the levy of $1.25 which could be made without voter approval. Acceptance of the total figure of $3.75 resulted in conformity with § 11(c) of Article X as it then existed.

Thereafter, said section was amended at the general election held on November 3, 1970, to provide, in part, that:

> . . . in any school district where the board of education is not proposing a higher tax rate for school purposes, the last tax rate approved shall continue and the tax rate need not be submitted to the voters . . .

That is precisely what occurred in the defendant district. The $3.75 rate, approved in 1970, continued yearly until the 1977 school election, at which time a 60 cent increase to a total of $4.35 was submitted to and approved by the voters of the district.

Plaintiffs' challenge appears to be predicated upon the following reasoning, to-wit: (1) that the 1970 rate increase created a contract between the taxpayers and the district that it would last for one year only, (2) that this constituted a vested right in favor of plaintiffs, (3) that any construction of the November 1970 constitutional amendment which put a stamp of approval upon the continued use of the 1970 tax rate would be violative of the proscription against retrospective application thereof, (4) that the tax rate approved in 1977 was void because it was based on the assumption the 1970 rate ($3.75) had continued intact from that date, and (5) that, generally, there had been a denial of due process.

The trial court ruled that the 1970 amendment had removed any necessity for the district to submit the rate approved in May 1970 to further consideration because no *increase* in that levy was proposed during that period from 1970 to 1977; and,

thus, when an increase was proposed in 1977 it was added correctly to the $3.75 rate which had continued pursuant to said 1970 amendment for some seven years.

 The parties have no quarrel with the underlying legal principle which seeks to protect "vested rights" from destruction by retrospective application of new laws, be they statutory or constitutional. 16 C.J.S. Constitutional Law § 40; 16A C.J.S. Constitutional Law § 417. As said in *McManus v. Park*, 287 Mo. 109, 229 S.W. 211 (1921) at 212, a law ". . . is not retrospective in its operation, within the terms of the constitution, unless it impairs some vested right." Later in *Willhite v. Rathburn*, 332 Mo. 1208, 61 S.W.2d 708 (1933) at 711, the court held that: "The constitutional inhibition against laws retrospective in operation . . . does not mean that no statute relating to past transactions can be constitutionally passed, but rather that none can be allowed to operate retrospectively so as to affect such past transactions *to the substantial prejudice of parties interested*." (Emphasis added.) Furthermore, a vested right ". . . must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another." *People ex rel. Eitel et al. v. Lindheimer et al.*, 371 Ill. 367, 21 N.E.2d 318, 321 (1939).

 In the instant case, the constitutional amendment did operate in such a way as to relate to antecedent events for the simple reason it allowed the school board to carry forward until 1977, without further approval, a tax rate voted in 1970. Thus, the issue turns on whether or not a vested right did exist. For several reasons, we find that it did not.

The "substantial prejudice" required in *Willhite v. Rathburn, supra,* is clearly not present. The voters of defendant district not only passed the 1970 tax levy but then paid their taxes under the provisions of the same, without challenge, each year until 1977. Further, in that year they passed an even larger levy based on an increase of the 1970–1976 rate by a two-thirds majority. We find it difficult to see any "substantial prejudice" given the willingness to abide by the 1970–76 rate and to vote, in 1977, for what in effect amounted to a ratification of the past extension of the 1970 rate. While there is authority for the proposition that a levy of taxes which is illegal or invalidated for irregularities may be cured by a subsequent levy (84 C.J.S. Taxation § 370), we do not base our decision on ratification. We merely find a glaring lack of substantial prejudice evidenced from the record concerning the history of tax levies in the defendant district for the past several years.

 At the end of the year following the 1970 election, the voters had received exactly what they had a right to by the terms of that election—a rate of $3.75 for the year. The election and its result stood on its own merit, untouched, for that period. Based on the law as it was in 1970, the voters surely might have held the expectation that the levy would not and could not continue in later years without a new vote. Adoption of the constitutional amendment certainly divested them of the same. However, a "vested right" to be entitled to constitutional protection must be more than an "expectation" based on supposed continuation of the law as it had been in the past. *State ex rel. Otto v. Kansas City*, 310 Mo. 542, 276 S.W. 389, 400 (1925). See also *Middleton v. Texas Power and Light Co.*, 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919) and cases compiled in 16 Am.Jur., Constitutional Law § 423, n.2.[1]

1. § 11(c) of Article X, as now written, incorporates both the limitation of "not to exceed one year" and the directive that "the last tax rate approved shall continue and the tax rate need not be submitted to the voters" if a higher rate is not proposed. Circumstances could be hypothesized which would make the same repugnant one to the other. If construed as such, the law provides that: "[a]s the latest expression of the will of the people a clause in a constitutional amendment will prevail over a provision of the constitution or earlier amendment incon-

Plaintiffs also allude to a due process violation premised on the alleged destruction of a vested right. Finding an absence of the latter, the argument is without merit.

The judgment of the trial court is affirmed.

BARDGETT, FINCH, DONNELLY, RENDLEN and SEILER, JJ., and HOUSER, Special Judge, concur.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.

sistent therewith, since an amendment to the constitution becomes a part of the fundamental law, and its operation and effect cannot be limited or controlled by previous constitutions or laws that may be in conflict with it." 16 C.J.S., Constitutional Law § 26, p. 99; *State ex rel. Board of Fund Commissioners et al. v. Holman,* 296 S.W.2d 482, 491 (Mo.banc 1956).