## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

EX PARTE BASSITT.

MARCH 29th, 1894.

90   679
e106  297

CONSTITUTION—*Appointment of justices.*—Code, § 97, authorizing county courts to appoint additional justices to the number specified in the constitution when the public service requires it: *held,* not violative of sections 2 and 4, article 7 of the constitution, and not an unwarranted delegation of legislative power.

Petition of John Bassitt in the original jurisdiction of the court for a writ of *habeas corpus.* Opinion states the case.

*Beveridge & Bristow,* for petitioner.

*Attorney-General R. Taylor Scott,* for respondent.

LEWIS, P., delivered the opinion of the court.

This is a petition for a writ of *habeas corpus.* The petitioner, John Bassitt, alleges that he is illegally detained in the jail of Elizabeth City county by virtue of a *mittimus* issued by S. O. Houching, a pretended justice of the peace of Chesapeake magisterial district, in said county, on the 2d day of November, 1893; that on that day there were three duly elected, qualified and acting justices of the peace in and for said district, viz: W. H. Power, Arthur Boykin, and R. L. Thornton; and that the said Houchins was a mere usurper in the office of justice of the peace, whose acts were without any validity whatever. It appears from an exhibit filed with the petition that Houchins

was acting as a justice, on the occasion in question, under an appointment of the county court of the said county, made on the 16th of October, 1893, of which the following is a copy :

" It is ordered to be entered of record that this court is of opinion that the public service requires one justice of the peace in addition to those specified in the constitution, in Chesapeake magisterial district, and that notice thereof shall be published as the law requires. And the court doth appoint Samuel O. Houchins a justice of the peace for said district, to serve until such additional officer shall be elected and qualify, and thereupon the said Samuel O. Houchins appeared in court and qualified to his office by taking and subscribing the oath required by law."

This order and appointment were made under the act of March 27, 1876, now carried into section 97 of the Code, which enacts that " whenever a county court shall be of opinion that the public service requires a greater number of justices or constables in any district than those specified in the constitution, and shall so enter of record and designate the number of such additional officers, notice thereof shall be published in such district, and at the next succeeding general election for district officers, such additional officers shall be elected in the mode prescribed for the election of district officers, and continue to be elected at each succeeding general election of district officers until otherwise ordered by the court," etc.

The same section also authorizes the court to appoint officers to serve until such additional officers are elected and qualified.

The petitioner's contention is that this enactment is unconstitutional, and that, therefore, Houchins is not an officer, either *de jure* or *de facto*. If the statute be unconstitutional, then, undoubtedly, no office was created by it, or by anything that was done under it, and Houchins is merely a usurper, to whose acts no validity can be attached; for, as was decided in *Norton* v. *Shelby County*, 118 U. S., 425, there can be no of-

ficer, either *de jure* or *de facto*, if there be no office to fill. This is not disputed; but is the statute unconstitutional?

The second section of the seventh article of the constitution, under the head of " County Organization," ordains as follows : " Each county of the State shall be divided into so many compactly located magisterial districts as may be deemed necessary, not less than three : provided, that after these have been formed no additional districts shall be made containing less than thirty square miles. * * * In each district there shall be elected one supervisor, three justices of the peace, one constable, and one overseer of the poor, who shall hold their respective offices for the term of two years." " But nothing in this article," says the fourth section, " shall be construed as prohibiting the general assembly from providing by law for any additional officers in any city or county." Code, p. 44.

Authority is thus impliedly conferred upon the legislature to provide by law for additional officers; and the act of March 27, 1876, was passed in the exercise of this power. The constitution, it will be observed, does not prescribe the manner in which additional officers shall be provided for, but leaves that to the discretion of the legislature. The provision simply is, in effect, that such officers may be provided for " by law."

It is contended that the act before mentioned is an unwarranted delegation of legislative power to the county courts, and in violation of the second article of the constitution, which declares that " the legislative, executive, and judiciary departments shall be separate and distinct, so that neither exercise the powers properly belonging to either of the others." But we do not perceive the force or propriety of this position. There is here no delegation of legislative power, but the county courts are merely empowered to declare the event, so to speak, upon which the act is to take effect within their respective counties.

Judge Cooley lays it down, that while the power to make laws cannot be delegated, yet it is not always essential that a

legislative act should be a completed statute, which must in any event take effect as law, at the time it leaves the hands of the legislative department. A statute, he says, may be *conditional*, and its taking effect may be made to depend upon some subsequent event; and affirmative legislation may in some cases be adopted, of which the parties interested are at liberty to avail themselves or not at their option; and for this he cites, among other cases, *Brig Aurora* v. *United States*, 7 Cranch, 382, and *Bull* v. *Read*, 13 Gratt., 78. In the first of these cases it was held that Congress may make the revival of a law conditional upon a fact then contingent, and empower the president to declare by his proclamation that such fact has occurred, and the law is revived. And in *Bull* v. *Read* an act providing for the establishment of a system of free schools in a particular magisterial district of Accomac county, subject to the approval of the voters of the district, was held valid, although assailed as being an illegal delegation of legislative power. See, also, *Savage's Case*, 84 Va., 619. "For the like reasons," says Judge Cooley, "the question whether a county or township shall be divided and a new one formed, or two townships or school districts formerly one be reunited, or a county seat located at a particular place, or after its location removed elsewhere, or the municipality contract particular debts, or engage in a particular improvement, is always a question which may with propriety be referred to the voters of the municipality for decision." Cooley, Const. Lim., 119.

The same principle applies to the present case; for if it be competent for the legislature to submit a matter of local concern to the decision of the voters of the municipality, it is equally competent for it to submit a similar question to the decision or approval of the county court.

Our conclusion, therefore, is that the act in question is constitutional and valid, and that the petitioner must be remanded to the custody of the sheriff of Elizabeth City county.

Writ denied.