# CITY OF ST. LOUIS v. EWALD ,KELLMAN
## Appellant.

### In Banc, July 1, 1911.

1. **ORDINANCE: Repeal.** Repeals are not favored by the law.

2. **DEFINITION OF REPEAL.** By repeal is meant the abrogation or annulment of a previously existing law by the enactment of a subsequent one, which either declares that the former law is revoked and abrogated, or which contains provisions so contrary to or irreconcilable with those of the earlier law that only one of the two can stand in force. The latter is repeal by implication, the former is express repeal.

3. **ORDINANCE: Presumption of Validity.** As it is with statutes, so it is with ordinances, they are clothed, in the first instance, with a presumption of validity.

4. ————: **Relation to Charter.** The charter of a city bears to its ordinances the same relation that the constitution of a state bears to its statutes; that is, the charter or constitution is the measuring rod by which the validity of the statute or ordinance is measured.

5. ————: ————: Repeals: Terms Used: Strict Construction. But in considering the provision of a charter declaring that "no special or general ordinance, which is in conflict or inconsistent with general ordinances of a prior date, shall be valid or effectual until such prior ordinance, or the conflicting parts thereof, are repealed by express terms," courts have no call to apply to it any rigid or technical rule, but should be governed by considerations of reason and justice. Such charter provision is not so narrow and rigid as to demand that the repealing ordinance use the very word "repeal." Any synonym or equivalent expression filling the same office would subserve the purpose of this charter provision.

6. ————: ————: ————: In Express Terms: Definition of Express and Implied. The word "terms" used in the charter provision requiring repeals to be by "express terms," speaks for itself; it signifies words, provisions. But there is larger significance in the word "express." It is used in contrast with "implied." It means, stated directly and distinctly, not left to inference, exact, precise, clear, unambiguous, outspoken. "Implied" signifies, inferential, tacitly conceded, involved in substance; and an implied repeal would be one not declared by spoken words but left to be reasoned out by inference; and that manner of repeal is abolished by the charter of St. Louis.

7. ————: Repeal in Express Terms: Striking Out. In determining whether or not a later ordinance "in express terms" repealed a prior one, the thing done, and not the words used, is the determinative matter. Other words that effectually destroy the prior law are just as effective as the words "hereby repealed." The title of the ordinance was, "An Ordinance to amend Section 505, Article 5, Chapter 11, of the Revised Code of St. Louis, 1907, by Striking out said Section and Inserting in Lieu thereof a New Section, to be Known by the Same Number, in Relation to the Sale and Custody of Skimmed Milk and Providing Penalties for the Violation thereof;" and then the ordinance declared, "Section 505, article 5, chapter 11, of the Revised Code of St. Louis, 1907, is hereby amended by striking out said section and inserting in lieu thereof the following new section bearing the same number." Then follows language which is repugnant and irreconcilable with the language of the old section in at least one very material matter, namely, the percentage of butter-fat the milk must contain. *Held*, that the old section was repealed "in express terms," and the new section is therefore valid. The words "strike out" are not a charter term, but they have come into use in legislative proceedings to indicate that a certain clause is expunged, abolished or destroyed by the authority of the legislative body.

8. ——: ——: ——: **To Amend by Striking Out.** The fact that the idea of amending by striking out and inserting in lieu thereof is also present in the ordinance does not tend to show a repeal by implication. In a legislative sense a proposition may be amended by an alteration which entirely defeats the purpose of the original mover.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Benjamin J. Klene*, Judge.

AFFIRMED.

*William L. Bohnenkamp* and *E. F. Stone* for appellant.

(1) Ordinance 24582, although in the form of an amendment, is, in reality, and as a matter of law, but a repeal by implication of section 505 of the Revised Code of St. Louis. It nowhere repeals the said prior ordinance in express terms, as required by the Charter. City v. Sanguinet, 49 Mo. 581. (2) Ordinance 24582 operates to repeal prior ordinance, section 505, Revised Code, although in the form of an amendment. On its face, said ordinance simply strikes out said section 505 and inserts a new section in its place. This is, in effect and operation, a repeal. It is a repeal, though in the form of an amendment. Whether it is an amendment or a repeal, does not depend upon the language of the ordinance; for that is a judicial question to be determined from the effect of the ordinance. U. S. v. Claflin, 97 U. S. 546; Van Steenwick v. Sackett, 17 Wis. 645; State v. Ingersoll, 17 Wis. 631. If the caption of an ordinance shows that it was intended as an amendatory act, while the body shows it, either in direct or express terms, is a complete scheme of legislation, intended to cover the whole field, it is construed judicially to be a repeal and not simply an amendment. Malone v. Williams, 118 Tenn. 441; State v. McKee, 126 Mo. App. 524. And where a new law, whether it be in the form of an amend-

235 Sup.—b4

ment or otherwise, covers the whole subject-matter of the former and is inconsistent with it (as in this case), and evidently intended to supersede and take the place of it (as in this case), it repeals the old law by implication. Minnesota v. Billings, 111 Fed. 972; Schneider v. Staples, 66 Wis. 167; Vandeveer v. Herbert, 76 N. J. L. 173; People v. Saginaw, 36 Mich. 260. And "where an amendment is made that changes the old law in its substantial provisions, it must by necessary implication repeal the old law so far as they are in conflict." 26 Am. and Eng. Ency. Law, 717; Landlois v. Landlois, 48 Ind. 60; Brerting v. Lindauer, 37 Mich. 217; Jacobus v. Meschill, 56 N. J. L. 255. A subsequent municipal ordinance, fully covering the subject-matter of a previous ordinance, being a substitute therefor, repeals the former by implication, without words to that effect. Knight v. Town, 45 W. Va. 194; David v. Levy, 119 Ala. 241; Atty. Genl. v. Railroad, 117 Mich. 477; State v. Hickman, 84 Mo. 79; Meriwether v. Love, 167 Mo. 521; Young v. Kansas City, 33 Mo. App. 517. Therefore, it is conclusive that there can be a repeal, or an attempted repeal, of an ordinance by a later ordinance in form of an amendment. This is the case here. Brooks v. Hydorn, 76 Mich. 281. This ordinance is, therefore, not only a repeal of said section 505, but a repeal by implication only and not in express terms. There is no repealing clause of any description, either in the title or body of the ordinance. To be a repeal in express terms "there must be a repealing clause in the body of the act." 26 Am. and Eng. Ency. Law, 717; 1 Sutherland on Stat. Const., sec. 246. This provision condemns repeal by implication where there is any conflict between the old and the new, as in this case, and requires such repeal to be in express terms. Lamoine v. City, 72 Mo. 406.

*Lambert E. Walther* and *A. H. Roudebush* for respondent.

The purpose of Sec. 28, art. 3 of the Charter of St. Louis, is to avoid repeals by implication, and it has no application to an amending ordinance. St. Louis v. Klausmeier, 213 Mo. 127; 1 Blackst. Com., p. 87; 26 Am. & Eng. Ency. Law (2 Ed.), 706, 721 and 722; Sutherland on Stat. Const., secs. 133, 137; Endlich on Stat. Const., sec. 203.

LAMM, J.—This case is a companion with a series, viz., City of St. Louis v. Ameln, City of St. Louis v. Ferd Meyer, and other cases (just handed down and reported in this Report and in 236 Mo.), in which the appeals are intended to test the validity of one or another phase of the milk ordinances of St. Louis. Kellman was convicted for violating ordinance 24582, fined $25, and appealed here.

The substance of the complaint against him is that he, on the 17th day of November, 1909, in violation of ordinance 24582 (pleaded by its title, number and date of approval, viz., October 23, 1909), did have in his possession and carry at a named place in said city, with intent to sell and expose for sale, skim milk showing on analysis less than 8.5 per cent milk solids, not fat, to-wit, 7.74 per cent.   Ordinance 24582 follows:

"An Ordinance to *amend* Section Five Hundred and Five, Article Five, Chapter Eleven, of the Revised Code of St. Louis, Nineteen Hundred and Seven, by *striking out* said section *and inserting* in lieu thereof a new Section to be known by the same number, in relation to the sale and custody of skimmed milk and providing penalties for the violation thereof.

"Be it ordained by the Municipal Assembly of the city of St. Louis as follows:

"Section One.   Section Five Hundred and Five, Article Five, Chapter Eleven, of the Revised Code of St. Louis, Nineteen Hundred and Seven, is hereby

*amended by striking out* said section *and inserting* in lieu thereof the following new section bearing the same number.

"Section Five Hundred and Five.  Notwithstanding the provisions of Section Five Hundred and One of the Revised Code of St. Louis, Nineteen Hundred and Seven, milk from which a part or all of the cream has been removed and which is known as skimmed milk, may be lawfully sold as herein provided and not otherwise.  *a.*   No skimmed milk shall be sold, kept, offered or exposed for sale, stored, exchanged, transported conveyed, carried or delivered or with such intent as aforesaid be in the care, custody, control or possession of anyone, unless it show on analysis not less than (One) nine and one-quarter per cent of milk solids.  (Two) Eight and one-half per cent of milk solids, not fat."
.   .   .  (Here follow clauses *b, c,* and *d,* immaterial here.)   .   .   .  "*e.*   Any person, persons, firm or corporation violating any of the provisions of this section, or who fails to comply with any of the regulations as provided for in this section, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than twenty-five dollars nor more than one hundred dollars for each and every offense."

Section 505 of the Revised Code of St. Louis, 1907, reads:.

"Sec. 505.   The following regulations shall govern the sale of milk known as skimmed milk:

"First.   All milk which contains not less than ten and five-tenths per cent of total solids and one and five-tenths per cent butter fat, which is of a specific gravity between one thousand and thirty-two and one thousand thirty-eight, which is free from foreign additions of any kind and any evidence of decomposition, which is stored, transported and delivered to purchasers at the temperature provided in this article for sweet milk, shall be known as skimmed milk, and may be lawfully sold as such under the following regulations."

The city through its inspector took a sample of skim milk from defendant's wagon, on the date and at the time and place mentioned in the complaint, had the same analyzed by the city chemist, who testified it showed on analysis only 7.74 per cent of milk solids, non-fat. It then read in evidence ordinance 24582, supra. Defendant objected to the introduction of the ordinance because in conflict with a prior general ordinance, and it failed to repeal the same "by express terms," as provided by the charter (art. 3, sec. 28). Defendant read in evidence section 505, supra. The objection was overruled, defendant excepted, and put in no other evidence.

The charter provision invoked (art. 3, sec. 28, supra) reads:

"Sec. 28. *Numbering, Printing and Repeal of Ordinances.*—. . . and no special or general ordinance, which is in conflict or inconsistent with general ordinances of prior date, shall be valid or effectual until such prior ordinance, or the conflicting parts thereof, are repealed by express terms."

(*Nota bene*: The groundwork was laid below, by motions overruled and exceptions saved, to review a series of questions—some of them disposed of in the Ameln and Meyer cases and some of them presented in cases following.)

The question here is single, viz.: Is ordinance 24582 invalid for that it violated the charter in attempting a repeal of a former ordinance, section 505, supra, by implication?

There are certain familiar principles of law to keep in mind in disposing of the question in hand, viz.: Repeals are not favored by the law. As it is with statutes so is it with ordinances, they are clothed, in the first instance, with presumptive validity. The charter of a city bears to its ordinances the same relation that the constitution of a state does to its statutes; that is, the charter or constitution is the measuring rod by

which the validity of the statute or ordinance is measured. There are two ways of repealing an ordinance or statute—one total, where the repeal is by express terms the other (complete) arises by necessary implication where total repugnancy exists between a later and an elder ordinance or law; or a repeal *pro tanto*, when such partial repugnancy exists; or, again, total or partial, where the whole or part of the subject-matter of the former is covered by the later and revising regulation.

Keeping in mind the foregoing trite principles, it is well to round out defendant's contention a little. It may be stated this way: Section 28, supra, of the charter of St. Louis forbids the repeal of one ordinance by another by implication; the provision of the later ordinance, 24582 (in question here), is repugnant to the provision of the prior ordinance, section 505, of the Revised Code of 1907, in the requisite per cent of solids, non-fat, in saleable skim milk. By that token, measured by the charter, the later ordinance falls within the charter interdiction, is invalid because the conflicting parts of the prior one were not "repealed by express terms." Wherefore, the ordinance falling, the prosecution must fall with it, the judgment be reversed and defendant discharged.

*Contra*, the contentions of the city are two. First. That the prior ordinance was repealed by express terms. Second. That if that be not so, yet the fact remains that the charter provision does not apply to ordinances amendatory in character, and that 24582 was an ordinance of that kind.

Whether it be necessary to consider the last branch of counsel's argument will depend on the disposition made of the issue joined on the repeal of section 505.

The repugnancy between the two ordinances is not an open question. It is argued on all sides that they are at cross purposes and in conflict, if both be allowed life at one and the same time. Therefore, we shall

assume repugnancy as a premise for what we have to say.

It is clear that safe exposition of the matter hinges on the analysis, meaning and office of the charter term, "repealed by express terms."

Attending to that term, what does the word "repeal" mean when used by lawmaker or judge? "Repeal" is defined as the abrogation or annulling of a previously existing law by the enactment of a subsequent statute, which either declares that the former law shall be revoked and abrogated or which contains provisions so contrary to or irreconcilable with those of the earlier law that only one of the two can stand in force—the latter is the "implied" repeal, heretofore mentioned; the former, the "express" repeal. [Black, L. Dict. Tit. "Repeal."] Bouvier defines it to be: "The abrogation or destruction of a law by a legislative act." [Bouv. L. Dict. Tit. "Repeal."] Note the word *destruction*. Webster defines it: To recall; to rescind or abrogate by authority; to revoke. He gives among its synonyms annul, cancel, reverse, abolish. He defines the noun "repeal" as meaning: Revocation, rescission, abrogation. Abrogate, in turn, means to annul by an authoritative act, to abolish by the authority of the maker, to repeal. Other instructive shades of meaning come out in accredited definitions of the several synonyms, but the foregoing are enough for our purpose. The repeal of an ordinance, then, is accomplished when it is destroyed, abolished, abrogated, cancelled, annulled recalled or rescinded by a later one.

In construing the charter provision in hand, courts have no call to apply to it any "rigid or technical rule, but should be governed by considerations of reason and justice." [Ruschenberg v. Railroad, 161 Mo. 1. c. 84.] We think the charter not so narrow and rigid as to demand the repealing ordinance use the very word "repeal." Any *synonym* or equivalent expression, filling the same office, would subserve the object of the

charter provision. Any other view stickles and quibbles on mere words. *Qui haeret in litera, haeret in cortice.*

Going a step further, the charter requires the repeal to be by "express terms." The word "terms" speaks for itself. It is a primary concept in the connection used. Broadly, however, it may be said to signify: words, provisions. But there is significant and controlling matter in the word "express." "Express" is used in contrast with (*i. e.* as a counterterm, an *antonym* for) "implied." "Express" means: Stated directly and distinctly, not left to inference—exact, precise—its synonyms being: Clear, unambiguous, outspoken. [Web.] The law dictionaries do not differ from that, viz.: "Made known distinctly and explicitly and not left to inference or implication. Declared in terms; set forth in words. . . ." [Black, L. Dict. Tit. "Express."]

Conversely, "implied," in its ordinary acceptation, signifies inferential, tacitly conceded, involved in substance. It is the correlative of "express." An implied repeal would be one not declared by spoken words, but left to be reasoned out by inference. That happens, as said, when, without express repeal, the provisions of two ordinances or laws so conflict that they cannot stand together and be in force at the same time, or occupy the same territory and are directed to the same end.

Obviously, the plan of repealing an earlier ordinance by implication, because in conflict with a later ordinance, is abolished by the charter. The effectual charter plan to reach that end is by the stroke of making the later ordinance invalid. Under any system the lawmaker should have in mind the present condition of the law in order to legislate intelligently. Under the charter system here he must have in mind the present condition of the law in order to legislate at all.

Sometimes courts will aid the lawmaker by making a later special ordinance not a repeal by implication, but

an exception to the prior general ordinance (*Ex. gr.*, Ruschenberg v. Railroad, supra; Campbell v. Railroad, 175 Mo. l. c. 176), and others avoid conflict and give both ordinances a field of operation. Sometimes courts are able to construe the two ordinances so that the one is cumulative, or that there is no conflict or inconsistency, in which event the charter provision does not apply. As where the two are not "materially variant." [St. Louis v. Weitzel, 130 Mo. l. c. 617.] But no help of that sort can obtain here. There is clear conflict and unless the first is repealed in express terms the last is invalid.

Considering not only the definitions of "repeal," "express," and "implied," but looking to the heart of the thing, is not section 505 of the Municipal Code to all intents and purposes repealed by ordinance 24582? Observe, it is identified by being referred to by its section number in 24582; therefore, must be taken as in the legislative mind. The new ordinance destroyed the old as a law—not by inference or impliedly. To the contrary, it expressly struck it out, the *whole* of it, by clear and unambiguous words. A repeal could do no more. The thing *done*, not the mere words *said*, is the substance. One must "not be so lost in lexicography as to forget that words are the daughters of earth and that things are the sons of heaven." ( *Vide.* Johnson, Samuel, in the preface to his dictionary.)

"Strike out" is not a charter term, and yet it has come in use in legislative proceedings to indicate that a certain clause or section of a law, or proposed law, is expunged, abolished or destroyed by the authority of the lawmaker. The term "strike out," in some of its legislative uses means: to force out, to blot out, to efface, to erase. It may well be allowed, then, the same meaning as destroy, cancel or abolish. So construed, it overlaps or connects itself with the definition of "repeal." In the sense and connection used in ordinance 24582 it could have no other meaning. It should be given some

meaning, if possible, and it is reasonable to assign to it that here given it.

It would have been in better form to have used the words of the charter. But ordinances are not to be criticised with overnice refinement, nor are municipal lawmakers required to use the most exact and precise terms in expressing their intendment. Such ruling would lead up to distress by unsettling much law.

The fact that the idea of amending by striking out and inserting is also present in ordinance 24582 does not tend to show a repeal by implication, whatever office may be assigned to it. Primarily, amend means to mend, improve. It involves the conception of something left to amend, as a stock or stem on which to graft an improvement. In this view of it to strike out a thing and thus obliterate it, does not accord with the idea of improving the thing itself by amendment. But in a legislative sense "a proposition may be amended by an alteration which entirely defeats the purpose of the (original) mover, or it may be turned into a motion of a different kind." [Per Locke, J., in Brake v. Callison, 122 Fed. l. c. 724.] In that sense to strike out does not grate on the sense when the lawmaker has in mind an amendment by striking out the entire law. Indeed it would be daring to hold that to strike out some laws would not improve them.

The premises considered, we rule that section 505 of the municipal code is repealed by express terms. That ruling renders unnecessary further consideration. The judgment is affirmed. All concur, except *Valliant,* C. J., who dissents.