QUESTION: Is the Volusia County Charter subject to repeal via the initiative and referendum process?
SUMMARY: Section 1302 of Volusia County Home Rule Charter, Ch. 70-966, Laws of Florida, authorizing amendments to the charter to be initiated by the county council or by petition of the voters, does not impliedly authorize the charter to be repealed by that initiative and referendum process; and, under the present provisions of Art. VIII, s. 1, State Const., and ss.125.60-125.64, F.S. 1973, the Volusia County Charter may be repealed only by special act of the Legislature approved by vote of the electors. Your question is answered in the negative. Article VIII, State Const., relating to home rule for counties and cities, provides in s. 1(c) thereof as follows: Pursuant to general or special law, a county government may be established by charter which shall be adopted, amended or repealed only upon vote of the electors of the county in a special election called for that purpose. Provision is made by general law, ss. 125.60-125.64, F.S., for the adoption, by initiative and referendum, of a county home rule charter. (The proposal may be initiated by resolution of the board of county commissioners or by petition of at least 15 percent of the qualified electors of the county. Section 125.61.) Subsection (2) of s. 125.64 provides that: . . . Such charter, once adopted by the electors, may be amended only by the electors of the county. The charter shall provide a method for submitting future charter revisions and amendments to the electors of the county. (Emphasis supplied.) The Volusia County Home Rule Charter was not adopted pursuant to the provisions of this general law but as a special act of the Legislature (Ch. 70-966, Laws of Florida), approved by vote of the electors as required by Art. VIII, s. 1(c), supra. Section 1302 of the charter provides for the amendment of the charter by initiative and referendum (amendments may be proposed either by the council or by a petition of the electors) and for a periodic review of the charter and ordinances by a Charter Review Commission. It does not, however, provide a method for the repeal of the charter. So the real question here is whether the authority to amend the charter by initiative and referendum was intended to authorize the repeal thereof by that process. It is settled in this state that an amendment to a statute or to the Constitution may have the effect of impliedly repealing existing provisions that are so irreconcilably repugnant to the later enactment as to clearly demonstrate an intent to repeal. See Jackson v. Consolidated Government of City of Jacksonville, 225 So.2d 497 (Fla. 1969), and Orange City Water Co. v. Town of Orange City, 255 So.2d 257 (Fla. 1971), as to statutes; and Board of Public Instruction of Polk County v. Board of County Commissioners, 50 So. 574 (Fla. 1909), Wilson v. Crews,34 So.2d 114 (Fla. 1948), and Gray v. Golden, 89 So.2d 785, 789 (Fla. 1956), as to constitutional provisions. Accord: Black's Law Dictionary, 4th Ed. p. 1463, defining "repeal" to include not only an express repeal but also one that is implied when the later law is "so contrary to or irreconcilable with those of the earlier law that only one of the two statutes can stand in force . . . ." But an "implied repeal" is not an "amendment" within the purview of the constitutional requirements for amending or revising laws. Buchanan v. State, 111 So.2d 51 (1 D.C.A. Fla., 1959); Van Pelt v. Hilliard, 78 So. 693 (Fla. 1918); City of St. Petersburg v. English, 45 So. 483 (Fla. 1908). And no decision has been found in which it was ruled that the words "repeal" and "amend" are interchangeable in the present or any other context. They are, in fact, two entirely different concepts. As noted in Black, supra, citing State v. Moore, 99 S.W.2d 17, 19 (Mo. 1936): "Repeal" of a law means its complete abrogation by the enactment of a subsequent statute, whereas the "amendment" of a statute means an alteration in the law already existing, leaving some part of the original still standing. In an analogous situation, the Florida Supreme Court has ruled that the method provided by the Florida Constitution for proposing and adopting an amendment of its provisions may not be used in proposing and adopting a "revision" thereof. See Rivera-Cruz v. Gray, 104 So.2d 501 (Fla. 1958), ruling that Art. XVII, s. 1, State Const. 1885, relating to the "amendment" of the Constitution, "was meant to deal with the change of parts, not the whole, of the Constitution," and that the two methods (amendment and revision) of changing the Constitution provided by ss. 1 and 2 of Art. XVII, id., "still obtain and . . . may not be intermingled." The court quoted with approval the California Supreme Court in Livermore v. Waite, 36 P.424, and McFadden v. Jordan, 196 P.2d 787, stating that an amendment is "such an addition or change within the lines of the original instrument as will effect an improvement or better carry out the purposes for which it was framed." Accord: Adams v. Gunter,238 So.2d 824 (Fla. 1970), striking down an initiative petition proposing an "amendment" to the Florida Constitution to create a unicameral legislature on the ground that it was, in fact, a proposal for a "revision" which had not been proposed in the manner prescribed by the Constitution. If a revision and an amendment may not be interpreted as synonymous insofar as the procedure for effecting changes in the state's organic law is concerned, a fortiori a repeal and an amendment are not the same insofar as the county's organic law — its charter — is concerned. And, as the two words may not be used interchangeably under the decisions referred to above, the application of the rule expressio unius est exclusio alterius — the inclusion of one thing impliedly excludes others — leads to the conclusion that there is no authority to initiate a repeal in the manner prescribed for an amendment by the special act, Ch. 70-966, supra. This conclusion is reinforced by the fact that the provision of the charter act relating to the adoption of ordinances and resolutions (s. 308) provides that a majority of the full council "shall constitute a quorum and shall be required to adopt, amend or repeal any ordinance," and that a majority of those present "shall be required to adopt, amend or repeal a resolution or motion under the terms of this provision." (Emphasis supplied.) Plainly, had the Legislature intended that the charter could be repealed by the initiative and referendum process provided for an amendment, it would have been a simple matter to so provide, as it did in providing for the adoption, amendment, or repeal of county ordinances. It should be noted also that the Volusia County Home Rule Charter was initiated by the Legislature itself, prior to its submission to the electorate for approval, rather than under the provisions of the general law, ss. 125.60-125.64, supra. And it seems clear that a legislative intent that its special home rule act could be repealed without its consent by action initiated by the county council or by the electorate should be expressly stated and not inferred. It must be concluded, therefore, that the Volusia County Charter may be repealed only by action initiated by the Legislature itself and not by the initiative and referendum process prescribed in the charter for amendments thereto. (The vote of the electors is, of course, required by Art. VIII, s. 1(c), supra, for either a repeal of or an amendment to a county charter.) Thus, under existing law, a proposal to repeal the Volusia County Charter Act should be adopted as a special act of the Legislature prior to its submission to the electorate for approval.